WILLIAN T. GLEASON & CO. v. CALEB HOBART AND CALEB E. P. HOBART.

A., having a claim on book account against B., and a note signed by B. and by C. as surety, received $5,00 from B. without any direction as to its application, and directed his attorney to apply it upon the note; but the application was not actually made until after a suit had been commenced by A. upon his account; previous to the auditing of the account B. settled the balance due on the note, after deducting the said sum of $5,00. *Held*, that B. had no claim to have said sum of $5,00 offset against the account which A. had against him.

BOOK ACCOUNT. The auditor allowed the plaintiffs' account at $3,52, including interest $0,26. The defendants presented a claim for five dollars, in reference to which the auditor reported as follows.

The plaintiffs, at the request of the defendants, had purchased for the defendants certain articles in Boston, on their own credit, and had taken therefor a note signed by the defendants. The plaintiffs became dissatisfied with the defendants' responsibility, and that note was given up, and a new note substituted therefor, signed by the defendant Caleb Hobart, and by one Augustus Hobart as surety. Among the articles purchased by the plaintiffs for the defendants was a box of paper, which the defendants did not like, and the plaintiffs, at their request, returned the same to the person from whom they purchased it in Boston, and were credited therefor by him five dollars, which was the $5,00 now claimed by the defendants. After the plaintiffs learned that they had been credited said sum in Boston, they directed their attorney, who then had the note against Caleb and Augustus Hobart for collection, to apply on that note the said sum of $5,00. This direction was given before the commencement of this suit, but the application was not made by the attorney until after this suit had been commenced. The balance of the note was subsequently paid by the defendants, and the note was given up to them. The application of the $5,00 upon the note was made without the knowledge or consent of either of the defendants.

The county court, upon these facts, rendered judgment for the defendants for the balance of the five dollars, after deducting the

$3,52, reported by the auditor as the amount of the plaintiffs' account; to which the plaintiffs excepted.

*A. P. Hunton* for plaintiffs.

1. The application of the $5,00, made by the plaintiffs, was proper,—the defendants having neglected to direct concerning it.

2. But if the plaintiffs had no right to make that application, and the defendants have given no direction, it is for the court to make such application as is just and equitable ; in such event the rights of the surety upon the note require that the application should be made, as the plaintiffs made it. *Robinson et al.* v. *Doolittle et al.*, 12 Vt. 246. *United States* v. *Eckford's Ex'rs*, 17 Pet. 251. *Logan et al.* v. *Mason et al.*, 6 Law Rep. 401. *Rosseau et al.* v. *Cull et al.*, 14 Vt. 83.

3. The defendants accepted the act of the plaintiffs, by paying the balance of the note without making any question as to the application of the money.

*E. Weston* for defendants.

When the plaintiffs became dissatisfied with the defendants' responsibility, and the second note was given, the plaintiffs' account was not presented, and it will be presumed that the parties then intended that the avails of the paper, then in the plaintiffs' hands, would go in liquidation of the plaintiffs' account; and the plaintiffs had no right, particularly after the commencement of this suit, and without the knowledge or consent of the defendants, to apply the avails of the paper on a note against other persons, and deprive the defendants of the benefit of the same in this suit. *Robinson et al.* v. *Doolittle et al.*, 12 Vt. 249.

The person paying money can direct its application, unless he waive the right ; and he cannot waive the right until he has had opportunity to elect and direct. *Waller* v. *Lacy*, 39 E. C. L. 357. In this case the defendants have never had any opportunity for election, as they were not informed when the plaintiffs had ascertained that the $5,00 had been credited to them in Boston ; and they may now elect.

The opinion of the court was delivered by

WILLIAMS, Ch. J.　The account of the plaintiffs against the de-

60

fendants was adjusted and settled by the auditor at three dollars and fifty two cents. The only dispute arises from the charge of five dollars, made by the defendants against the plaintiffs, as stated in the report of the auditor ; — and we think the defendants had no claim for this sum, to be allowed in this action. When the money was received by the plaintiffs, it was received for the benefit of the defendants. The most natural and obvious appropriation of it was in extinguishment of so much of the note, which the plaintiffs then held against Caleb and Augustus Hobart. Until called for in some way by the defendants, or some neglect or refusal of the plaintiffs, no action could be sustained therefor by the defendants.

It appears that the plaintiffs gave directions to their attorney to have the money so applied, before the commencement of this suit, but, through the neglect of their attorney, this was not done until after. The defendants paid the balance of their note, and thereby ratified this appropriation, and received the benefit of it ; and they, in fact, received this very sum of five dollars, when they paid the balance of the note and took up the same ; and this was before the account was audited. The defendants, therefore, at the time the account was audited, had no claim whatever on the plaintiffs for this sum. The argument, which has been had in relation to the appropriation of payments made, is not applicable to the case before us. We can see no ground for the defendants to recover this sum of five dollars.

The judgment of the county court must therefore be reversed, and judgment is rendered for the plaintiffs to recover the sum of three dollars and fifty two cents, found due by the auditor, and the interest on the principal sum of three dollars and twenty six cents to this date.